IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2022 MAR 21  P 3: 29

CLERK_____
SO. DI___OF GA.

BRENDELL WILLIAMS,                  *
                                    *
        Plaintiff,                  *
                                    *
        v.                          *          CV 419-341
                                    *
ANY AND ALL PARTIES SUBJECT TO      *
SUIT, OFFICERS, SHERIFF, MEDICAL    *
STAFF, COUNTY, ETC.,                *
                                    *
        Defendants.                 *

                         O R D E R

    Plaintiff filed this lawsuit while incarcerated at Chatham

County Jail. (Compl., Doc. No. 1, at 3.)  Plaintiff is proceeding

pro se and in forma pauperis ("IFP") in this case brought under 42

U.S.C. § 1983.  (Doc. No. 3 (granting IFP status).)  Because he is

proceeding IFP, Plaintiff's pleadings must be screened to protect

potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785

(11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x

733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A.  A pro

se litigant's pleadings are held to a more lenient standard than

those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94

(2007), but the Court may dismiss the Complaint or any portion

thereof if it is frivolous, malicious, fails to state a claim upon

which relief may be granted, or if it seeks monetary relief from

a defendant who is immune to such relief.  See 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b). For the following reasons, Plaintiff's Complaint is dismissed for failure to exhaust administrative remedies.

## I.   BACKGROUND

Plaintiff asserts claims for violation of his Eighth Amendment rights. His Complaint can be construed to assert that Chatham County Jail officials denied him adequate medical treatment and failed to protect him from other inmates. The specific events giving rise to Plaintiff's claims began in August of 2019. (Compl., Doc. No. 1, at 5.) Jay, another inmate, told Plaintiff that his cellmate, Ronnie Cooper, was going to beat and rape Plaintiff at night. (Id.) With this knowledge, Plaintiff pleaded with Officer Singlton[1] to avoid staying in his cell with Cooper that night. (Id.) Plaintiff told Singlton that "I fear for my life and that I felt like Ronnie Cooper was going to attack and kill me." (Id.) Plaintiff attempted to escalate the matter, asking to speak with Singlton's superior. (Id. at 6.) His request was denied. (Id.) Singlton then forced Plaintiff to "lockdown" in the cell with Cooper. (Id.) This despite Jay also telling Singlton what he heard from Cooper. (Id.)

---

[1] The Court suspects the correct spelling of this officer's name is Singleton but will use the spelling Plaintiff included in the Complaint.

2

That night, Cooper allegedly brutalized Plaintiff. (Id. at 6-7.) Cooper beat Plaintiff's head, bit his arm, and attempted to rape him. (Id.) During the beating, Plaintiff called for help and eventually an officer pulled Cooper off of him. (Id.) Plaintiff later discovered that it was Officer Reed who rescued him, but not before Reed watched the beating on camera and laughed at Plaintiff's plight. (Id. at 9.) After Reed removed Cooper, Plaintiff was allegedly left on the floor of the cell for some time. (Id. at 7-8.)

Eventually, an officer returned. (Id. at 8). Plaintiff requested an x-ray and "technical shot" but was refused. (Id.) Plaintiff was sent back to his cell despite further requests to see a doctor for what he believed to be broken bones. (Id.) Plaintiff called Internal Affairs and was interviewed, although apparently that did not remedy his situation. (Id. at 8-9). The results of Internal Affairs' investigation are unknown to Plaintiff, as he alleges they will not allow him to know the results. (Id. at 3.) Plaintiff did not appeal as "Internal Affairs told [him] that notifying them was sufficient." (Id.)

## II. DISCUSSION

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in

3

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See also Woodford v. Ngo, 548 U.S. 81, 90 (2006) (recognizing that the Prison Litigation Reform Act requires "proper exhaustion," which includes using all steps in administrative processes and complying with administrative deadlines and other critical procedural rules). The Prison Litigation Reform Act's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Exhaustion of administrative remedies is a "precondition" to filing an action in federal court, and the Eleventh Circuit requires prisoners to complete the administrative process before initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008) (per curiam).

The Chatham County Jail has a grievance procedure found in the "CCDC Inmate Handbook." Chatham County Detention Center Inmate Handbook, May 2019, https://cccdn.blob.core.windows.net/cdn/Files/Sheriff/Corrections/Inmate%20Visitation%20Handbook.pdf (last visited March 17, 2022). The grievance procedure can be found on pages 25 through 26. It provides that inmates should file

4

complaints about jail conditions through the "jail kiosk." Id. at 26.   Regardless of the outcome of the initial grievance, "[i]f the inmate is not satisfied with the explanation, or resolution, the grievance may be appealed through the kiosk for review and final resolution." Id.

The Complaint makes no mention of ever using a jail kiosk to file a grievance.   While Plaintiff alleges that he notified Internal Affairs with his grievance, he does not allege that he followed up on it or attempted to appeal it in any way.   Without having appealed any grievance to its conclusion, Plaintiff has failed to exhaust his administrative remedies as required by Section 1997e(a).

### III. CONCLUSION

For the reasons explained above, Plaintiff has failed to exhaust his administrative remedies before filing this lawsuit. Therefore, **IT IS HEREBY ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.   The **CLERK** is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___21st___ day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE